UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MLCFC 2007-8 JEFFERSON SG PROPERTY, LLC     PLAINTIFF

v.     CIVIL ACTION NO. 3:12CV645-S

FORSYTHIA COURT APARTMENTS OF
JEFFERSON COUNTY, LTD., et al.     DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motion of the plaintiff, MLCFC 2007-8 Jefferson SG Property, LLC ("Jefferson Property"), for summary judgment in this foreclosure action (DN 48). There have been no responses filed to the motion.[1]

Despite a failure to respond, The plaintiff must still satisfy its burden to establish entitlement to summary judgment under Fed.R.Civ.P. 56. *Smith v. Hudson*, 600 F.2d 60, 64-65 (6th Cir. 1979). When a party fails to respond, the facts, if supported, are deemed uncontested. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 (6th Cir. 1992)(where there is no response filed by the nonmoving party, the Court need not "conduct its own probing investigation of the record."). The defendants filed answers to the Complaint, but no further action was taken to defend in this case.

By Order dated June 3, 2013 (DN 45), counsel for defendant Forsythia Court Apartments of Jefferson County, Ltd. ("Forsythia"), was permitted to withdraw. The Court ordered that new

---

[1] The only remaining defendants are Forsythia Court Apartments of Jefferson County, Ltd. and Louisville/Jefferson County Metro Government. Daiwa Finance Corp. and Kaufman Carpet Cleaning, Inc. were voluntarily dismissed.

counsel appear on behalf of Forsythia withing thirty days. To date, new counsel has not appeared and Forsythia has had no further contact with the Court.

The following facts therefore stand undisputed in the record.

On May 9, 2007, Arbor Commercial Mortgage, LLC made a loan in the principal sum of $335,000,000.00 to certain borrowers including the defendant, Forsythia, for the purchase and refinancing of apartment complexes across the country. To evidence the loan and secure repayment, the borrowers, including Forsythia, executed a Loan Agreement, Promissory Note, Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing.

The original Promissory Note, Mortgage, Assignment of Leases and Rents, as well as a Recorded Financing Statement and Filed Financing Statement, were ultimately assigned to U.S. Bank National Association, as Trustee for the Registered Holders of ML-CFC Commercial Mortgage Trust 2007-8, Commercial Mortgage Pass-Through Certificates, Series 2007-8 ("U.S. Bank").

In 2011, U.S. Bank exercised its rights to sever and split the original Promissory Note. The Note was split into fifteen separate companion notes. Severed Note A-15 was then split into fifty-nine additional companion notes which became Severed Notes A-16 through A-74. The collective aggregate amount of Severed Notes A-1 through A-14 and A-16 through A-74 was $335 million, the principal amount of the original Promissory Note.

Severed Note A-49, in the amount of $4,200,000.00 evidences the obligation secured by the property at issue in this action. The Mortgage was modified to reflect Severed Note A-49, and was executed and recorded. The modified Mortgage, Assignment of Leases and Rents, Filed Financing

Statement and Recorded Financing Statement were assigned by U.S. Bank to the plaintiff, and are referred to herein as the "Loan Documents."

Jefferson Property offers the Affidavit of Dmitry Sulsky, an Asset Manager with LNR Partners, LLC, the Special Servicer of the Loan in issue in this case, to establish Forsythia's default and entitlement to and the amount of damages by Jefferson Property. Sulsky is also the Manager of Jefferson Property.

Sulsky avers the following:

(1) Forsythia is in default of its obligations under the Loan because it failed to pay when due the monthly installments of principal and interest. Sulsky Aff., ¶ 6.

(2) Jefferson Property issued Forsythia a notice of default dated March 4, 2011. Sulsky Aff., ¶ 6.

(3) The total balance due from Forsythia under the loan as of May 8, 2013 was $5,685,887.82, which includes principal of $4,200,000.00 with a per diem note rate interest of $1,147.254, totaling $248,324.71 as of May 8, 2013. The total balance due also included default rate interest due, late fees due, a pre-payment premium, advances and expenses. The total balance due reflects a credit to Forsythia for suspense funds, escrow funds, and lockbox funds. Sulsky Aff., ¶ 7; 8.

(4) Attorney's fees and costs have accrued and continue to accrue in an unspecified amount. (Sulsky Aff., ¶ 9.

Sulsky also avers that he is qualified to provide the above calculations:

> As asset manager, I have personal knowledge of the facts set forth...which I gained in my capacity as asset manager of LNR, including those matters about which I am informed based upon my review of the files, books, and records kept by LNR in the ordinary course of business which are under my control or supervision or to which

I have access, including the payment history for the defendant, Forsythia Court Apartments of Jefferson County, Ltd...related to the Loan.

Sulsky Aff., ¶ 3.

Jefferson Property states that "as the owner and holder of the Loan Documents, it has a good and valid first lien on the Property for the purposes of securing repayment of the Severed Note A-49, prior to all other liens against the Property, subject only to *ad valorem* real property taxes and assessments, if any, now a lien on the Property."[2] DN 48-1, p. 6. Jefferson Property states further that by virtue of its security interest in the Collateral, it is "entitled to exercise any and all remedies available to a secured party under the Uniform Commercial Code, including having the Collateral, or so much thereof as [Jefferson Property] shall designate, sold at public or private sale. *See* Mortgage §§1.3; 1.4." *Id.*

It represents further that "The Loan Documents provide that upon a breach of any agreement or covenant of the Mortgage or other Loan Documents, [Jefferson Property] would become entitled to enforce the Mortgage and to have the Property sold to pay the amounts due thereunder, together with the costs and expenses of the enforcement action. [Mortgage] at § 7.1."[3]

A review of the Mortgage and other documents affirms Jefferson Property's assertions. Exhibits to DN 1. In its Answer, Forsythia states that the Loan Documents speak for themselves. DN 22, ¶ 5.

---

[2] The interest of Louisville/Jefferson County Metro Government for taxes is reflected in the tendered Order of Sale.

[3] This is the relief sought in the tendered Order of Sale.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

Forsythia has not put forth evidence to controvert the assertions of Jefferson Property. Jefferson Property's documents and affidavit in support of its motion for summary judgment evidence notice to Forsythia, Forsythia's default on its obligations under the Loan Documents, and Jefferson Property's entitlement to the remedies it seeks. Thus Jefferson Property has established entitlement to summary judgment as a matter of law. The motion for summary judgment will be granted by separate order.

March 11, 2014

**IT IS SO ORDERED.**

Charles R. Simpson III, Senior Judge
United States District Court